UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 12-147 (RLW) |
| | : | |
| v. | : | |
| | : | |
| KAYLAN JOSEPH CURETON, | : | VIOLATIONS: |
| | : | |
| Defendant. | : | 18 U.S.C. § 2423(b) |
| | : | (Interstate Travel to Engage in Illicit Sexual Conduct) |
| | : | 18 U.S.C. § 2252A(a)(5)(B) |
| | : | (Possession of Child Pornography) |
| | : | 18 U.S.C. §§ 2428, 2253 (Criminal Forfeiture |

## SUPERSEDING INFORMATION

The United States Attorney charges:

## COUNT ONE

Between on or about May 24, 2012 and May 31, 2012, within the District of Columbia and elsewhere, the defendant, **KAYLAN JOSEPH CURETON**, knowingly traveled in interstate commerce, from the Commonwealth of Virginia to the District of Columbia, for the purpose of engaging in illicit sexual conduct, that is, a sex act as defined in 18 U.S.C. § 2246(2), with a person under the age of 18 years of age, and said sexual act would be a violation of Chapter 109 A of Title 18 United States Code, Section 2243(a), if the sexual act occurred in the special maritime and territorial jurisdiction of the United States.

**(Travel with Intent to Engage in Illicit Sexual Conduct**, in violation of Title 18, United States Code, Section 2423(b))

## COUNT TWO

On or about March 24, 2012, in Commonwealth of Virginia, the defendant, **KAYLAN JOSEPH CURETON**, did knowingly possess images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which items depicted prepubescent minors or minors under the age of twelve years, which items were shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, and which items were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer. (**Possession of Child Pornography**, in violation of title 18, United States Code, Section 2252A(a)(5)(B)).

## FORFEITURE ALLEGATION

1. The violation alleged in Count One is realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 2428 and 2253.

2. As a result of the offense alleged in Count One of this Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428:

> (1) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense alleged in Count One of this Information; and
>
> (2) any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense alleged in Count One of this Information.

3. If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Sections 2428 and 2253, as a result of any act or omission of the defendant:

> (a)   cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of said property listed above as being subject to forfeiture.

(**Criminal Forfeiture**, in violation of Title 18, United States Code, Sections 2428 and 2253)

RONALD C. MACHEN JR.
United States Attorney
Bar No. 447889

BY: _____
Ari Redbord
Assistant United States Attorney
D.C. Bar: 476998
Sex Offense and Domestic Violence Section
555 4th Street, N.W., Room 10-413
Washington, DC 20530
(202) 252-7018
ari.redbord@usdoj.gov